## Ross Lumber Co. v. McMillan & Co.

*Carmen V. Marinaro* and *Louis Vaira*, for plaintiff.

*Patterson, Crawford, Arensberg & Dunn,* for defendant.

WEISS, J., May 31, 1949.—This case is before this court en banc on defendants' preliminary objections to plaintiffs' complaint in assumpsit, alleging the following:

1. Ross Lumber Company, plaintiff, is a fictitious name and defendants aver to the best of their knowledge, information and belief that plaintiffs, trading as Ross Lumber Company, have failed to comply with the Fictitious Names Act of May 24, 1945, P. L. 967, regarding registration, and therefore the within action may not be instituted or maintained by them.

2. Defendants aver that even if plaintiffs have complied with the provisions of the above Act of 1945 or do comply and furnish proof thereof, in any event the present action at the above number and term may not be continued since any such registration is subsequent to the institution of the within action on April 1, 1948.

3. Defendants allege that defendant Alexander Murdock is not and never has been a partner of W. E. McMillan in the business of W. E. McMillan & Company, engaged in cutting timber or sawing same into lumber or in buying or selling lumber in the wholesale, retail or export business.

Wherefore defendants pray that the suit at no. 3925, April term, 1948, be dismissed and the costs thereof be placed on plaintiffs.

Defendants' preliminary objections, in the nature of a demurrer, set forth principally that plaintiffs, Frank M. Ross, Sr., Frank M. Ross, Jr., and Richard H. Ross, trading as the Ross Lumber Company, were not registered to do business under the Fictitious Names Act of May 24, 1945, P. L. 967, and defendants maintain that even if plaintiffs registered after the institution of the suit, this action must be dismissed by this court without prejudice to their rights to institute a new action.

With this premise we cannot subscribe.

There is no mandatory provision of the law that requires plaintiffs to aver registration even if a fictitious name is used, and whether a name is the real and true name of the individual using it or is a fictitious or assumed name is ordinarily a question of fact.

The Fictitious Names Act of Pennsylvania is intended to protect creditors by the disclosure of identity of the person or persons in the "so-called assumed or fictitious name" of their business and assumed by them.

Reference to the use of an assumed or fictitious name is set forth in 45 C. J. 376:

". . . unless he does so in order to defraud others through mistake of identity, *it being the identity of the individual that is regarded,* and not the name that he may bear or assume." (Italics supplied.)

In the instant case the full true names of all partners (plaintiffs) are clearly set forth even though they are

trading as the "Ross Lumber Company", and we find—reading further in 45 C. J. 378, the following:

"In general, if the name under which the business is transacted fairly discloses the *true name of the individual or of each co-partner, as the case may be, the statute does not apply.*" (Italics supplied). Scattergood v. Mussellman Concrete Pipe Co., 7 D. & C. 362; McLaughlin v. Baker, 5 D. & C. 781.

This ground for complaint is without merit.

We shall now consider the second reason set forth by defendants' preliminary objections. Defendants maintain that they served the preliminary objections upon counsel for plaintiff on November 22, 1948, *with notice* to plead within 20 days as defendants maintain is required by Goodrich-Amram Rule 1026. They rely on plaintiffs' failure to answer the allegations of the preliminary objections and maintain that it acts as an admission of those allegations under Goodrich-Amram Rule 1029(*b*). Defendants believe by such an admission, they (plaintiffs) have still failed to comply with the act and the suit should be dismissed.

We do not agree with this premise. It would be a radical departure from the procedural practice in Pennsylvania if plaintiffs were required *to reply to the averments in a demurrer. This was not required under the old practice.* Pa. R. C. P. 1029(*b*) upon which defendants rely requires that: "Averments in a pleading to which a responsive pleading is required are admitted when not denied."

It is well settled under the law of Pennsylvania procedure that a demurrer is not a pleading to which a responsive pleading is required. A demurrer admits all well pleaded facts in the plaintiffs' complaint, and the sole question presented is *"whether or not the plaintiffs have alleged sufficient to present a cause of action."* We believe plaintiffs' complaint does that very thing.

We therefore conclude that under the procedural rules plaintiffs' complaint in assumpsit is sufficient in law, and the preliminary objections are therefore dismissed without prejudice to defendants to raise any of these questions in their affidavit of defense and at the trial of this cause.